UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CHRISTOPHER ROBERT POLITANO,

        Petitioner,

v.

GARY MILLER, Wright County Sheriff,

        Respondent.

Civil No. 08-238 (PJS/FLN)

**REPORT AND
RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Wright County Jail in Buffalo, Minnesota. He apparently is being held on $1,000,000 bail, while awaiting trial on certain state criminal charges involving criminal sexual misconduct. He alleges that he was "seized" from his home approximately nine months ago, and has been held in state custody ever since.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner's current federal habeas corpus petition lists six claims for relief, which can be summarized as follows:

(1) Petitioner was apprehended, and he is currently being detained, without probable cause, in violation of his federal constitutional right to due process;

(2) Petitioner is being detained in violation of the Eighth Amendment prohibition against excessive bail;

(3) Petitioner is being detained without probable cause, in violation of his rights under Minnesota state law;

(4) Petitioner has been denied a speedy trial, in violation of his rights under the federal Constitution and Minnesota state law;

(5) Petitioner has been denied pre-trial discovery of exculpatory evidence, in violation of his rights under the federal Constitution and Minnesota state law; and

(6) Petitioner has been denied the opportunity to present expert witness testimony, in violation of his rights under the federal Constitution and Minnesota state law.

Petitioner has not clearly identified which of his current claims for relief have been presented to the trial court in his pending state criminal case.  However, his current petition indicates that he has not presented any of his claims to any state appellate court.  (Petition, [Docket No. 1], pp. 2-3.)  Instead of pursuing his claims by every available means in the state courts, (including the state appellate courts), Petitioner filed his current habeas corpus petition, seeking relief in the first instance in federal court.  Because Petitioner has not yet exhausted his state court remedies, the Court will recommend that the present action be summarily dismissed without prejudice.

## II.  DISCUSSION

As a general rule, of course, a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state detainee unless he has first exhausted all available state court remedies.  28 U.S.C. § 2254(b);  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).   This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).   To exhaust his state court remedies, a detainee must fairly present his constitutional claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

The present case is different from most habeas corpus proceedings initiated by individuals in state custody, because Petitioner is not challenging a state criminal conviction or sentence, or any other final state court judgment.  It is therefore doubtful that Petitioner is eligible for habeas corpus relief under 28 U.S.C. § 2254, which is the traditional federal post-conviction remedy for individuals who are being detained by state authorities.  See Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), cert.

3

denied, 484 U.S. 956 (1987); <u>Hirsch v. Smitley</u>, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges").

However, a state detainee can sometimes seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241,[2] as Petitioner has attempted to do here.  See <u>Dickerson</u>, 816 F.2d at 224 ("[p]re-trial petitions... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); <u>Hirsch</u>, 66 F.Supp.2d at 986 ("[p]re-judgment habeas relief is available... under 28 U.S.C. § 2241"); <u>Carden v. State of Montana</u>, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), <u>cert</u>. <u>denied</u>, 449 U.S. 1014 (1980);  <u>Woodard v. Plummer</u>, No. C 98-0040 CRB (PR), (N.D.Cal. 1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)").

Although § 2241 does not include a <u>statutory</u> exhaustion requirement comparable

---

[2]  28 U.S.C. § 2241(a) provides that –

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...."

28 U.S.C. § 2241(c)(3) further provides that –

"The writ of habeas corpus shall not extend to a prisoner unless – ...
    (c) He is in custody in violation of the Constitution or laws or treaties of the United States."

to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. Dickerson, 816 F.2d at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975) ("28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed.  It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980); Hirsch, 66 F.Supp.2d at 986 ("'[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999);  See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

Ordinarily, a state detainee must await the entry of a final state court judgment in

order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review.  In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." <u>Harmon v. City of Kansas City</u>, 197 F.3d 321, 325 (8th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1038 (2000). Our Court of Appeals has plainly stated that "'[a]bsent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" <u>Sacco v. Falke</u>, 649 F.2d 634, 636 (8th Cir. 1981), quoting <u>Wingo v. Ciccone</u>, 507 F.2d 354, 357 (8th Cir. 1974). <u>See also</u> <u>Carden</u>, 626 F.2d at 83-84 (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary" or "special" circumstances).

There are few reported cases in which courts have actually found the type of "extraordinary circumstances" that allow for federal interference with ongoing (non-final) state criminal proceedings.  Most of those cases involve double jeopardy claims. <u>See</u> <u>e.g.</u>, <u>Satter v. Leapley</u>, 977 F.2d 1259, 1261 (8th Cir. 1992) ("[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of <u>Younger v. Harris</u>," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing <u>Mannes v. Gillespie</u>, 967 F.2d 1310, 1312 (9th Cir.1992), <u>cert</u>. <u>denied</u>, 506 U.S. 1048 (1993), and <u>Palmer v. Clarke</u>, 961 F.2d 771, 774 (8th Cir.1992).

In <u>Carden</u>, the Ninth Circuit Court of Appeals opined that "[o]nly in cases of proven

6

harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." 626 F.2d at 84. The Court's use of the word "proven" suggests that a claim of "harassment" or "bad faith" would not warrant pre-judgment federal interference in a state criminal case, unless the claim were supported by a substantial and credible factual record. This Court has not located any reported case in which such a claim has actually been upheld. In this case, Petitioner's habeas corpus petition does not even mention "bad faith" or "harassment," and Petitioner certainly has not presented a factual record that would prove any such allegations.

The Court further recognizes that while most pre-trial claims, (other than double jeopardy claims), are not reviewable in a federal habeas corpus proceeding, speedy trial claims may require special consideration, because of the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). That case indicates that speedy trial claims are sometimes reviewable in a pre-trial habeas proceeding. However, the Supreme Court emphasized two critical circumstances in the Braden case that are not present here.

First, the petitioner in Braden was not seeking dismissal of the state criminal charges that had been filed against him, but rather, he was seeking to compel the state to bring him to trial on those charges. Id. at 489-90 ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial"). Second, the petitioner in Braden had exhausted all of his available state court remedies,

(including a petition to the Kentucky Supreme Court for a writ of mandamus), before seeking a federal writ of habeas corpus that would compel the state to bring him to trial. Id. at 490-91.   The Court concluded that "under these circumstances" a federal habeas corpus action "does not jeopardize any legitimate interest in federalism."   Id. at 491-92 (emphasis added).

Federal courts have consistently recognized that Braden does not authorize pre-trial federal habeas review of all speedy trial claims.   Such claims can properly be entertained only under the circumstances present in Braden – i.e., only if (a) the petitioner is asking for a trial, and not dismissal of the criminal charges at issue, and (b) the petitioner has exhausted all available state court remedies.   Sacco, 649 F.2d at 636-37; Dickerson, 816 F.2d at 226-28; Moore, 515 F.2d at 444-46; United States ex rel. Scranton v. State of New York, 532 F.2d 292, 296 (2nd Cir. 1976); Dillon v. Orleans Parish Traffic Court, No. Civ.A.06-2519 (E.D.La. 2006), 2006 WL 2686848 at * 2.

In this case, Petitioner has not satisfied either of Braden's two essential conditions for obtaining pre-trial habeas review of a speedy trial claim.   First, Petitioner has not made it clear that he is seeking only to be brought to trial, and not to have the charges against him dismissed.   To the contrary, it clearly appears that Petitioner is seeking to have his state criminal case dismissed, and to be released from custody.

Moreover, even if Petitioner were asking only to be brought to trial, his speedy trial claims still could not be entertained at this time, because the second Braden condition has not been met – i.e., Petitioner has not exhausted his state court remedies.   Sacco, 649 F.2d at 636-37; Dickerson, 816 F.2d at 228.   Petitioner alleges that he has presented a speedy trial demand to the trial court, but he has not alleged, much less established, that

8

he has exhausted all available state court remedies for getting a speedy trial.

The Court notes, in particular, that Petitioner apparently has never asked any Minnesota appellate court to issue a writ of mandamus that would direct the trial court to promptly bring him to trial. See Sacco, 649 F.2d at 636 (pointing out that "[i]n Braden, federal relief was available only after the petitioner had unsuccessfully sought a writ of mandamus in the Kentucky Supreme Court"). See also Bell v. 282nd Dist. Court, No. 3:06-CV-0463-B, (N.D.Tex. 2006) 2006 WL 1899774 at *2 ("[t]he proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals"); Shepherd v. United States, 163 F.2d 974, 977 (8th Cir. 1947) ("If an accused deems that he is not being given a speedy trial, his remedy is to make demand by motion to the court for such trial, and not by motion to dismiss the indictment on account of the delay.  If a motion for trial should be denied, his further remedy would be to apply to a proper appellate court for writ of mandamus to compel trial.").  Petitioner's failure to seek a writ of mandamus is significant, because mandamus appears to be an available Minnesota state court remedy for asserting a speedy trial demand.  See e.g., State v. Larkin, 256 Minn. 314, 98 N.W.2d 70 (Minn. 1959).  See also State ex rel. Collins v. District Court of Ramsey County, 176 Minn. 636, 637, 222 N.W. 931, 932 (Minn. 1929) ("[i]f the trial court refuses to proceed with the trial, mandamus is the remedy").[3]

---

[3]  In McIntosh v. Davis, 441 N.W.2d 115, 120 (Minn.1989), the Minnesota Supreme Court held that a speedy trial would not be compelled by a writ of mandamus, because the petitioners "could have waited until the 60-day limit passed and moved to have the charges dismissed for violation of their right to speedy trial." This ruling arguably suggests that perhaps mandamus is not the most appropriate remedy for a criminal defendant who seeks to compel a trial court to grant him a speedy trial.  However, McIntosh does not lead the Court to conclude that the State of Minnesota provides no remedy of any kind for a criminal defendant who seeks to enforce his constitutional right to a speedy trial.  If there is indeed

In any event, Petitioner has not adequately demonstrated that he has exhausted all possible state court means for asserting a demand for a speedy trial. Therefore, Petitioner's speedy trial claims cannot be entertained pursuant to Braden.

## III. CONCLUSION

In sum, Petitioner has not shown the type of extraordinary circumstances that allow a federal court to interfere in an ongoing state criminal case. Even Petitioner's speedy trial claims cannot be entertained at this time, because (a) it is not clear that he is asking to be brought to trial, rather than asking to have the charges against him dismissed, and (b) he has not exhausted his state court remedies.

Because Petitioner's current habeas corpus claims cannot be entertained at this time, the Court will recommend that this action be dismissed. It will be recommended, however, that the action be dismissed without prejudice, so that Petitioner can again seek federal habeas review of his speedy trial claims, and any other constitutional claims for relief, after his claims have been fully litigated and decided in the Minnesota state courts.[4] Petitioner is reminded that any federal habeas corpus claims that he might seek to bring in the future will first have to be properly presented to, and decided by, the Minnesota Court

---

no such remedy available to Petitioner under Minnesota law, that determination should first be made, and clearly annunciated, by the state courts, not a federal district court.

[4] Petitioner's allegations in this matter, if true, certainly raise some concerns about whether his federal constitutional rights have been faithfully honored during the course of his state criminal proceedings. However, the Court obviously has formed no opinion at this time as to whether Petitioner might actually have a viable speedy trial claim, or any other viable grounds for challenging the state criminal charges at issue here. The Court has simply concluded that "under the circumstances before us, federal interference with the state proceeding [would be] premature and thus inconsistent with the dictates of our federal system." Carden, 626 F.2d at 85.

of Appeals and the Minnesota Supreme Court.  See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

Having determined that this action should be summarily dismissed due to non-exhaustion, the Court will further recommend that Petitioner's application to proceed in forma pauperis, ("IFP"), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.  This action be DISMISSED WITHOUT PREJUDICE.


DATED: March 10, 2008

s/ Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 27, 2008**, written

objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.